IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| XIAOHUA HUANG, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> HUAWEI TECHNOLOGIES CO. LTD., § <br> § <br> Defendant. § <br> § <br> § | CIVIL ACTION NO. 2:15-cv-1413 JRG/RSP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.'S RULE 12 MOTION TO DISMISS PLAINTIFF'S CORRECTED SECOND AMENDED COMPLANT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND IN THE ALTERNATIVE FOR FAILURE TO JOIN A PARTY UNDER RULE 19**

Defendant Huawei Technologies Co., Ltd. ("Defendant" or "Huawei") hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Corrected Second Amended Complaint ("CSAC") filed by Plaintiff Xiaohua Huang ("Plaintiff" or "Mr. Huang") for failure to state a claim upon which relief can be granted and in the alternative for an order pursuant to Rule 19 that CMOS Micro Device Inc. be joined as a party Plaintiff properly represented by legal counsel.

### I. INTRODUCTION

The CSAC alleges that a type of memory chip made by Broadcom Corporation infringes the asserted '259 Reissue patent and that the accused Huawei routers and switches *may* contain these chips because Broadcom has 90% of the market.[1] The CSAC also contends the accused products use software that, based on a vendor's brochure, infringes the asserted '653 patent.[2] The CSAC also contends the accused products infringe the asserted '331 patent without any

---

[1] CSAC ¶ 21
[2] *Id.* and Exhibit E.

explanation how this is done.[3] Finally, The CSAC alleges that Plaintiff sent copies of his patented claims to Huawei in 2011 but did not accuse any product of infringement at that time.[4]

The original Plaintiffs, Mr. Huang and CMOS Micro Device Inc., filed their original Complaint against Huawei on August 14, 2015. On September 28, 2015, Defendant Huawei filed an Opposed Motion to Compel Plaintiff CMOS Micro Device Inc. to Retain Legal Counsel or be Subject to Dismissal (Dkt. No. 8).

On October 7, 2015, Huawei filed its first Rule 12 Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim (for direct and indirect infringement) Upon Which Relief can be Granted and for a More Definite Statement (Dkt. No. 10). In Response, the current Plaintiff, Mr. Huang, filed his First Amended Complaint ("FAC") dropping CMOS Micro Device Inc. as a party plaintiff. The FAC deleted Plaintiff's explicit allegations of induced and contributory infringement appearing in the body of his original Complaint.[5] The prayer for relief in the FAC, however, continued to seek an injunction against Huawei for "further direct/or indirect infringement. . ."[6] The prayer for relief of the FAC also implicitly added a claim for willful infringement by seeking enhanced money damages pursuant to 35 U.S.C. § 284.[7]

On November 2, 2015, Huawei filed its second Rule 12 Motion to Dismiss (Dkt. No. 14). In response, Plaintiff filed a Second Amended Complaint (Dkt. No. 16). The Second Amended Complaint ("SAC") added paragraphs 22 through 33 again making explicit allegations of indirect infringement and alleging that Huawei had pre-suit knowledge of the patents-in-suit.

On November 23, 2015, Huawei filed its third Rule 12(b)(6) Motion to Dismiss and Rule 12(b)(7) Motion for Failure to Join a Party under Rule 19 (Dkt. No. 20). Rather than make a substantive response to Defendant Huawei's Rule 12 motions, on December 2, 2015, Plaintiff filed his so-called "Corrected Second Amended Complaint" (Dkt. No. 22). Again, Plaintiff filed his CSAC without first seeking consent of opposing counsel or leave of court as required by Fed. R.

---

[3] CSAC ¶ 31.
[4] CSAC ¶¶ 24, 28, and 32 and Exhibit N.
[5] Original Complaint (Dkt. No. 1) ¶ 10.
[6] FAC ¶ 16.
[7] FAC ¶ 17.

Civ. P. 15(a)(2). The CSAC makes only minor changes to the wording in paragraphs 23, 24, 25, 27, and 31. Nothing of substance was added or deleted. The CSAC states on page 1 that it is "TO ANSWER THE MOTION FILED BY HUAWEI IN November 30 [sic], 2015.

On December 8, 2015, Plaintiff filed a motion (Dkt. No. 24) seeking leave of Court to file the CSAC.

Thus, it appears that Plaintiff's strategy is to avoid responding to the defenses raised in Huawei's Rule 12 motions by continuing to file a series of amended complaints which make no substantive changes or corrections to the pending complaint or otherwise address the deficiencies as set forth in Huawei's Rule 12 motions.

Plaintiffs' CSAC for direct, indirect, and willful infringement falls far short of the threshold pleading requirement set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which requires that a complaint set forth specific facts establishing "a claim to relief that is plausible on its face." The purpose of the pleading standard set forth in *Iqbal* is twofold: (1) to ensure that a plaintiff has a reasonable basis for its allegations, and (2) to put the defendant on "fair notice" of those allegations. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The factual allegations set forth in Plaintiff's CSAC satisfy neither purpose. The CSAC fails to allege the elements of a claim for direct, induced, contributory, or willful infringement or facts to support them. Accordingly, Plaintiff's CSAC should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Finally, it appears that CMOS Micro Device Inc. is a required party under Fed. R. Civ. P. 19 that Plaintiff has failed to join in this action. The Court should order that CMOS be made a party properly represented by legal counsel or the action dismissed for non-joinder.

## II. ISSUES TO BE DECIDED BY THE COURT

1. This Court should dismiss Plaintiff's claim for indirect infringement because the CSAC fails to establish a plausible inference that Defendant either induced or contributed to any infringement of the patents-in-suit.

2. This Court should dismiss Plaintiff's claim for enhanced damages because the CSAC fails to establish a plausible inference that Huawei had the required state of mind for willful infringement.

3. This Court should dismiss Plaintiff's claim for direct infringement of the '259 Reissue patent as well as the '653 and '331 patents because the CSAC fails to satisfy even the minimal requirements of former Fed. R. Civ. P. Form 18 let alone the new pleading standard for alleging direct infringement that came into effect on December 1, 2015.

4. In the alternative, this Court should dismiss the CSAC unless CMOS Micro Devise Inc. is joined in this action as a party plaintiff properly represented by legal counsel.

### III. ARGUMENT

As explained in detail below, Plaintiff's allegations in the CSAC for direct, indirect, and willful infringement of the three patents-in-suit do not state plausible claims for relief. In the alternative, the CSAC should be dismissed unless CMOS Micro Device Inc. is joined as a party plaintiff represented by legal counsel.

#### A. *Pleading Standard*

When considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 218 (5th Cir.2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir.2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby,* 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

"To survive a Motion to Dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "While a complaint . . . does not need detailed factual allegations . . . a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). If the pleading fails to satisfy this standard, the court must dismiss it under Rule 12(b)(6). *See, e.g.*, *Twombly*, 550 U.S. at 570; *see also Mobile Telecommunications Technologies, LLC v. Amazon, Inc.,* No. 2:13-cv0883-JRG-RSP, 2014 WL 10418271, at *1-2 (E.D. Tex. August 26, 2014).

Effective December 1, 2015, Fed.R.Civ.P. 84 was abrogated along with the Appendix of Forms to which it referred. This amendment should be given retroactive application to the maximum extent possible. *See Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) ("Amendments to the Federal Rules of Civil Procedure should be given retroactive application to the maximum extent possible.") (quotations omitted). Thus, under *Twombly* and the current Rules, a complaint for patent infringement must plausibly allege both direct and indirect infringement. Notice pleading of direct infringement is no longer sufficient.

### B. Plaintiffs' Indirect Infringement Claims Based on Induced Infringement Are Legally Insufficient

To survive Defendant Huawei's Motion to Dismiss, Plaintiff's claim for relief for indirect infringement based on induced infringement must include factual allegations plausibly showing that, among other things, Huawei (a) "knew . . . the acts in question would infringe," and (b) "had specific intent to encourage the third party's infringement." *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13–cv–38–JRG, 2014 WL 894805, at *2 (E.D. Tex., Mar. 4,

2014); *see also Commil USA, LLC v. Cisco Sys., Inc.,* 135 S. Ct. 1920, 1922 (2015) (quoting *Global-Tech Appliances, Inc.,* 131 S. Ct. at 2068) (A claim for induced infringement "can only attach if the defendant knew . . . that 'the induced acts constitute patent infringement.'"); *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.") (internal quotations omitted). Plaintiff's SAC is completely devoid of any such allegations.

The CSAC alleges that Huawei makes and sells routers and switches that may use a particular type of memory chip[8] made by Broadcom Corporation because Broadcom has 90% of the market.[9] Mr. Huang alleges that the Broadcom memory chip infringes U.S Reissue patent No. 45359.[10] The CSAC also alleges that the accused Huawei routers and switches use integrated chips designed by a "fully owned subsidiary of Huawei" that uses embedded software licensed from a third party that allegedly infringes two of the patents-in-suit.[11] These allegations are insufficient to support an induced infringement claim.

"[T]he intent requirement for inducement requires more than just the intent to cause the acts that produce direct infringement, . . . *the inducer must have an affirmative intent to cause direct infringement.*" *DSU Med.*, 471 F.3d at 1306 (emphasis added); *see also U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.,* No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (finding that bare allegations that a defendant supplied an allegedly infringing system to its customers and provided those customers with "instructions" to utilize the system in an infringing manner are insufficient). This Court's analysis in *Core Wireless Licensing*

---

[8] Ternary content addressable memory ("TCAM") chip.
[9] SAC ¶¶ 13-21.
[10] Id. at ¶ 21.
[11] Id.

*S.A.R.L. v. Apple, Inc.* is instructive. *See* Report and Recommendation of U.S. Magistrate Judge, No. 6:14-CV-752-JRG-JDL, Dkt. No. 81 (July 15, 2015); Order, No. 6:14-CV-752-JRG-JDL, Dkt. No. 100 (August 14, 2015) (granting Apple's motion and adopting "the Report and Recommendation of the United States Magistrate Judge as the opinion of [the] Court").

In *Core Wireless,* Apple filed a motion to dismiss the complaint for failure to state a claim of indirect infringement. No. 6:14-CV-752-JRG-JDL, Dkt. No. 81 at 1. In its complaint, Core Wireless alleged that Apple sold the accused products and "provid[ed] instructive materials and information concerning the operation and use of [the accused products]." *Id.* at 8. Core Wireless also alleged that Apple "knowingly and specifically intend[ed] third parties to infringe the [asserted] patent's claims." *Id.* The Court granted Apple's motion, finding that these conclusory allegations were insufficient. *See* No. 6:14-CV-752-JRG-JDL, Dkt. No. 81 at 1-2 and Dkt. No. 100. The Court explained that "[i]n a broad sense, the provision of instructions by an accused infringer may indicate specific intent to induce infringement," but the failure "to allege any facts identifying, even at a basic level, which functionalities of the accused products are at issue, or how the instructions direct customers to use those products in an infringing manner, falls short of satisfying Rule 8's notice requirement." No. 6:14-CV-752-JRG-JDL, Dkt. No. 81 at 8-9. Thus, Core Wireless' factual allegations failed to "establish a plausible inference that Apple had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement." *Id.* at 8.

Plaintiff's CSAC fails to allege or establish a plausible inference that Huawei had the specific intent to induce infringement by a third party's actions, and knowledge that those actions amounted to infringement. *See Core Wireless*, No. 6:14-CV-752-JRG-JDL, Dkt. No. 81 at 8; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (stating that "'naked assertion[s]'

7

devoid of 'further factual enhancement'" are insufficient to state a claim for relief); *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of inducement claim because "[plaintiff] does not allege any facts to support a reasonable inference that [Defendant] specifically intended to induce infringement of the [asserted patent] or that it knew it had induced acts that constitute infringement"); *Tierra Intellectual*, No. 13-cv-38, 2014 WL 894805, at *7 (E.D. Tex. Mar. 4, 2014) (granting motion to dismiss inducement claim where allegations "[did] not support an inference of specific intent to induce infringement"); *U.S. Ethernet Innovs., LLC v. Cirrus Logic, Inc.*, No. 12-cv-366, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (dismissing inducement allegations where complaint "fails to … allege any facts that … [defendant] had the specific intent to induce its customers actions, and knowledge that those actions amounted to infringement").

In sum, Plaintiff's CSAC fails to allege the elements of induced infringement or plead facts sufficient to support an inference that Huawei possessed the requisite knowledge and specific intent to induce infringement of any of the patents-in-suit. Accordingly, the Court should dismiss Plaintiff's claim for indirect infringement based on induced infringement.

### C. Plaintiff's Indirect Infringement Claims Based on Contributory Infringement are Legally Insufficient.

To survive Defendant Huawei's Motion to Dismiss, Plaintiff's indirect infringement claims based on contributory infringement must include factual allegations plausibly showing that, among other things, (a) Huawei provided components that constitute "a material part of the invention;" (b) the component has no substantial non-infringing use; and (c) Huawei knew those components were "especially made or especially adapted" to infringe the patents-in-suit. *See* 35 U.S.C. § 271(c); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010), *aff'd*, 131 S. Ct. 2238 (2011); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067 (2011)

8

(internal quotation marks omitted) (The accused contributory infringer must "know that the combination for which his component was especially designed was both patented and infringing.").

The CSAC fails to allege that Huawei's accused router and switches are components that "constitute a material part of the invention" that Huawei knows to be "especially made or especially adapted for use in a manner that infringes" and that "are not a staple article or commodity of commerce suitable for non-infringing use." CSAC, Dkt. No. 22. Accordingly, the Court should dismiss Plaintiffs' claims for indirect infringement based on contributory infringement for failure to state a claim pursuant to Rule 12(b)(6).

### D. *Plaintiff Fails to State a Claim for Willful Infringement.*

To state a claim for willful infringement, Mr. Huang must sufficiently allege that Huawei knew of the asserted patents and acted despite and "objectively high likelihood" that it infringed a valid patent, with the risk "either known or so obvious that it should have been known" to Huawei. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "Accordingly, at the pleading stage, a plaintiff alleging willful infringement should provide enough facts that, when taken as true, show objective recklessness of the infringement risk." *U.S. Ethernet Innovations*, No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270, at *5 (E.D. Tex. Mar. 6, 2013).

The CSAC merely contends that the accused routers and switches may contain memory chips manufactured by Broadcom Corporation or TCAM software licensed by Huawei's subsidiary from eSilicon Corporation. There are no alleged facts suggesting that Huawei can determine whether or not there is an objectively high likelihood that the memory chips or TCAM software purchased or licensed from third parties infringe any of the asserted patents. The design

of Broadcom Corporation's memory chips and the source code for licensed software is highly confidential information of the vendors to which Huawei has no access.

The CSAC makes no factual allegations to support its request for enhanced damages pursuant to 35 U.S.C. § 284. It fails to recite any facts that create an inference of Huawei's objective recklessness. *See Vasudevan Software, Inc. v. TIBCO Software*, 2012 WL 1831543, at *5 (N.D. Cal. May 18, 2012); *Gustafson, Inc. v. Intersystems Indus. Products, Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990); *Monolithic Power Sys., Inc. v. Silergy Corp.*, 2015 WL 3799533, at *4 (N.D. Cal. June 18, 2015) (dismissing willfulness claims where plaintiff "has not, in its allegations relating to willful infringement, included any facts that would allow a trier of fact to conclude that the defendants acted with a level of intent that is more culpable than the typical infringer").

### E. Plaintiffs' Direct Infringement Allegations are Legally Insufficient.

The direct infringement allegations of the CSAC are deficient. They fail to satisfy even the minimal pleading requirements of former Fed. R. Civ. P. Form 18. The CSAC fails to identity the owner of the patents-in-suit throughout the period of the alleged infringing acts of Huawei as required by former Form 18. CMOS Micro Device Inc. ("CMOS") was formerly identified as a California corporation founded by Mr. Huang in November of 2010.[12] The original Complaint alleged that CMOS was the developer and marketer of the patented TCAM device and technology.[13] Mr. Huang claimed to be the owner of CMOS.[14] The original Complaint referred to "CMOS's patented technology"[15] suggesting that the patents belonged to CMOS rather than Mr. Huang during some or all of the relevant damages period.

---

[12] Original Complaint (Dkt. No. 1) ¶ 2.
[13] Id.
[14] Id.
[15] Id. at ¶ 6.

Moreover, the CSAC also fails to allege that Plaintiff has complied with the Marking Statute and has given written notice of the alleged infringement to Defendant as required by former Form 18.

### F. *Plaintiff has Failed to Join a Required Party Under Rule 19.*

The SAC fails to state whether Mr. Huang or his company, CMOS, has been the owner of the patents-in-suit throughout the period of the alleged infringing acts of Huawei. If CMOS were the owner or exclusive licensee of the patents, it is a necessary party under Rule 19.

Fed. R. Civ. P. 19(a) requires that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest . . .

Given the statements of the original Complaint as set forth above, it appears that CMOS is subject to service of process whose joinder will not deprive the court of subject-matter jurisdiction, claims an interest in the patents-in-suit, and is situated such that resolution of non-infringement, invalidity, and unenforceability claims in its absence will impair CMOS's ability to protect its interests. Thus, if the Court does not dismiss the CSAC in its entirety for failure to state a claim, it should order that CMOS be joined and represented by legal counsel or the action dismissed for non-joinder.

### V. CONCLUSION

Huawei respectfully requests that the Court issue an Order dismissing Plaintiff's CSAC with prejudice for failing to state a claim upon which any relief can be granted. In the alternative the Court should order that CMOS be made a party plaintiff represented by legal counsel or the action dismissed for non-joinder.

Dated: January 4, 2016
                                                  Respectfully Submitted,

                                                  */s/ John S. Torkelson*
                                                  E. Leon Carter
                                                  Texas State Bar No. 03914300
                                                  John S. Torkelson
                                                  Texas State Bar No. 00795154
                                                  CARTER SCHOLER ARNETT HAMADA
                                                  MOCKLER, PLLC
                                                  8150 N. Central Expressway
                                                  5th Floor
                                                  Dallas, Texas 75206
                                                  Telephone No. (214) 550-8160
                                                  Facsimile No. (214) 550-8185

                                                  **ATTORNEY FOR DEFENDANT**
                                                  **HUAWEI TECHNOLOGIES CO. LTD.**

**CERTIFICATE OF SERVICE**

       The undersigned certifies that a copy of the foregoing instrument was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel and parties who have consented to electronic service on this 4th day of January, 2016 pursuant to  Local Rule CV- 5(a)(3)(A).  The undersigned also certifies that on January 4, 2016, a copy of the foregoing instrument was served by first class United States Mail, postage prepaid, and via email addressed to the following:

Xiaohua Huang
P.O. Box 261161
Plano, TX 75026-1161
Email: xiaohua_huang@hotmail.com


                                                  */s/ John S. Torkelson*
                                                  John S. Torkelson