IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| XIAOHUA HUANG, | § |
| | § |
| *Plaintiff*, | § Case No. 2:15-CV-01413-JRG-RSP |
| | § |
| v. | § |
| | § |
| HUAWEI TECHNOLOGIES CO., LTD., | § |
| | § |
| *Defendant*. | § |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Defendant Huawei's motion for summary judgment (Dkt. 105), Plaintiff Mr. Huang's motions to compel (Dkt. 107, 115), Mr. Huang's motions to strike (Dkt. 126, 127, 130), Mr. Huang's motion for leave to add an expert witness (Dkt. 132), and Defendant's motion to strike (Dkt. 114). Upon careful consideration, the Court must **DENY** Mr. Huang's motions to strike (Dkt. 126, 127, 130) and **DENY** Mr. Huang's motion for leave to add an expert witness (Dkt. 132). In addition, the Court **RECOMMENDS** that Huawei's motion for summary judgment (Dkt. 105) be GRANTED for the following reasons. The Court resolves the remaining motions as follows.

The Court held a hearing in this case on July 27, 2016 to address pending motions to compel filed by Mr. Huang. Mr. Huang appeared pro se and explained to the Court that he had chosen not to retain counsel for this matter. The Court explained to Mr. Huang that because he is not an attorney, he is not permitted to access material designated as "ATTORNEYS' EYES ONLY" under the protective order. The Court explained that the material sought by Mr. Huang was properly designated as such under the protective order. Accordingly, the Court denied

1

Mr. Huang's motions to compel without prejudice and stayed the case until September 28, 2016 to provide Mr. Huang an opportunity to hire counsel. *See* Dkt. 93.

Mr. Huang did not hire counsel. Rather, Mr. Huang continued filing motions, including motions to compel requesting material designated under the protective order, except that Mr. Huang is now requesting that defense counsel provide designated material to Mr. Huang's newly-retained experts given that certain experts are covered by the protective order. *See* Dkt. 107, 115. Mr. Huang's experts are not attorneys, however, and providing them with discovery would be of no use to Mr. Huang. Accordingly, and for the same reasons explained to Mr. Huang at the hearing in July, Mr. Huang's motions to compel (Dkt. 107, 115) are **DENIED**.

Huawei moved for summary judgment of noninfringement on September 29, 2016 (Dkt. 105), arguing that Mr. Huang has failed to identify a triable issue with respect to alleged infringement of the '259, '653, and '331 patents. The Court agrees. Given that Mr. Huang chose not to hire counsel, he has not been able to obtain information from Huawei about the accused products. Mr. Huang has not otherwise raised a triable issue of fact in response to Huawei's motion for summary judgment. *See* Fed. R. Civ. P. 56. Mr. Huang highlights several alleged reverse engineering records, but the Court must **GRANT** Huawei's motion to strike (Dkt. 114) these records because Mr. Huang failed to produce them during discovery. Accordingly, it is **RECOMMENDED** that Huawei's motion for summary judgment (Dkt. 105) be GRANTED.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P.

72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

      **SIGNED this 22nd day of November, 2016.**

                                            ROY S. PAYNE
                                            UNITED STATES MAGISTRATE JUDGE