IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| XIAOHUA HUANG, *pro se* | § § § | |
| *Plaintiff*, | § § | Case No. 2:15-CV-01413-JRG-RSP |
| v. | § § | |
| HUAWEI TECHNOLOGIES CO., LTD., | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Mr. Xiaohua Huang, acting pro se, sued Huawei Technologies Co., LTD. (Huawei) for infringement of U.S. Patent Nos. 6,744,653, 6,999,331, and RE45,259, which are generally related to circuits for content addressable memory (CAM). After the Court granted summary judgment of noninfringement and entered final judgment, Huawei moved for attorneys' fees under 35 U.S.C. § 285 and under the Court's inherent power. *See* Huawei Br., ECF No. 179. For the following reasons, Huawei's motion is **GRANTED**.

## BACKGROUND

Mr. Huang owns CMOS Micro Device, Inc. (CMOS), a company headquartered in Silicon Valley. Compl. ¶ 2, ECF No. 1. According to the complaint, CMOS develops and markets CAM technology. *Id.* The patents-in-suit all relate to CAM circuits and name Mr. Huang as the sole inventor. *See* ECF No. 1-1. The Complaint alleges that Huawei sells products known as "switches" that include chips covered by the patents-in-suit. Compl. ¶ 3, ECF No. 1.

Huawei initially responded to the lawsuit by emailing Mr. Huang to request an extension of time to answer the complaint. Li Pengyan Decl. ¶ 3, Jan. 26, 2017, ECF No. 179-1. A few days later, Mr. Huang called Huawei's offices in China and indicated that resolution of the lawsuit was

not his goal. *Id.* ¶ 4. Rather, Mr. Huang asked for an offer from Huawei to purchase the patents-in-suit. *Id.* Huawei told Mr. Huang that it was not interested. *Id*. ¶ 5.

Early motion practice followed. Mr. Huang's original complaint was filed both on behalf of Mr. Huang personally and CMOS, Mr. Huang's company. *See* Compl., ECF No. 1. But because Mr. Huang is not licensed to practice law, Huawei filed a motion to compel CMOS to obtain legal counsel given the long-standing rule precluding a corporation from proceeding pro se in federal court. *See Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993); Huawei Mot. 2-3, ECF No. 8. Mr. Huang thereafter filed an amended complaint on behalf of only himself. *See* Am. Compl., ECF No. 12. Huawei filed additional motions to dismiss, all of which were ultimately rendered moot by Mr. Huang's third amended complaint. *See* Order dated Sept. 21, 2016, ECF No. 103.

About six months into discovery, Huawei sent Mr. Huang a Rule 11 safe harbor letter explaining that Mr. Huang's infringement allegations were baseless. *See* Huawei Rule 11 Br. 2, ECF No. 52. Discovery had revealed that Huawei has never imported into the United States or sold a router or switch containing the particular type of chip that formed the basis of Mr. Huang's claim. *Id.* This Rule 11 motion (in addition to numerous motions filed by Mr. Huang to compel discovery) prompted the Court to set a hearing on July 27, 2016.

It became clear during the July hearing that Mr. Huang would not likely establish a basis for infringement because Mr. Huang could not access necessary technical details concerning Huawei's products. *See* Hr'g Tr. 3-13, Jul. 27, 2016, ECF No. 183. Huawei had properly designated this technical information "confidential" and "attorneys' eyes only" under the (agreed) protective order. *See id.* The protective order precludes Mr. Huang from personally viewing such information because Mr. Huang designs and markets his own CAM technology to Huawei's

competitors in China. *See, e.g.*, Huawei Resp. Br. 1-2, ECF No. 117. Mr. Huang would also likely be prevented from viewing related third-party product information that would be necessary to support Mr. Huang's infringement contentions. *See* Hr'g Tr. 3-13, ECF No. 183.

The Court explained to Mr. Huang that his pro se status would likely impair if not prevent a successful opposition to summary judgment. *Id.* Mr. Huang expressed a contrary view. When the Court asked Mr. Huang if he had "any ideas to offer about how to get around the problem of sharing confidential information with your side of the case without an outside lawyer," Mr. Huang responded, "In fact, I do not need to see any so-called confidential information from Huawei." *Id.* 13:19-14:9. According to Mr. Huang, a contract between Huawei and a supply company and various Huawei chip model numbers would be enough. *Id.* 14:1-9. The Court sought clarification: "And you're saying that you believe that you can prove your case with just the model number of the chip and a copy of the contract between Huawei and [the supply company]?" *Id.* 16:7-10. "Yes, your Honor, that's enough." *Id.* 16:11. Mr. Huang intended to reverse engineer the accused chips, an endeavor that Mr. Huang acknowledged would be very costly. *Id.* 20:1-22.

The Court took Mr. Huang's representations that he did not require confidential information with caution and stayed the case for 60 days to allow Mr. Huang time to find legal counsel, while deferring Huawei's Rule 11 motion. *Id.* 26:9-13. Mr. Huang never attempted to hire counsel as far as the record reflects. Rather, Mr. Huang proceeded undeterred. Only about two weeks after the July hearing—while the case was stayed—Mr. Huang began filing numerous motions to compel Huawei to produce the very type of information the Court had determined to be properly designated as "attorneys' eyes only." *See* ECF Nos. 94, 95, 96. Mr. Huang's discovery motions were denied without prejudice in light of the stay, *see* ECF No. 99, prompting Mr. Huang to appeal that denial to the district judge, *see* ECF No. 100. The appeal was unsuccessful. *See* ECF

No. 101. Still undeterred, Mr. Huang filed *another civil action* based on the same asserted patents along with a motion to consolidate the newly-filed case with the stayed case. *See* ECF No. 104; Compl. in Case No. 2:16-cv-947, Aug. 26, 2016, ECF No. 1.

At the conclusion of the 60-day stay, Mr. Huang had not obtained counsel, and Huawei moved for summary judgment. ECF No. 105. The Court recommended granting summary judgment upon finding no evidence to support Mr. Huang's infringement claims. ECF No. 134. After considering Mr. Huang's objections to that recommendation, the District Judge granted summary judgment and dismissed Mr. Huang's case. ECF No. 146. Mr. Huang continued to object to the Court's dismissal Order, ECF No. 148, 163, and eventually filed a notice of appeal to the Federal Circuit on January 19, 2017, ECF No. 173.

A declaration submitted by Huawei's in house counsel provides a possible explanation for Mr. Huang's persistent litigation conduct. Li Pengyan Decl., ECF No. 179-1. Despite having been asked to only communicate with Huawei through their outside counsel, Mr. Huang has been in constant contact with Huawei's in house counsel throughout the case. *Id.* ¶ 7. Mr. Huang told Huawei's counsel that he sued Huawei because one of his (lawyer) friends told him that if he were to represent Mr. Huang in a lawsuit against Hauwei, the case would quickly settle for $1.5 million. *Id.* Mr. Huang said that he nevertheless decided not to hire an attorney because he did not want to share revenue with a lawyer. *Id.* Even after the Court granted Huawei's motion for summary judgment and dismissed the case, Mr. Huang told Huawei's in house counsel that he would continue filing motions—forcing Huawei to reply and incur further legal fees. *Id.*

Among the barrage of documents filed by Mr. Huang are motions and other papers suggesting that Huawei's corporate representatives and Huawei's counsel have not been truthful and that Huawei has engaged in improper behavior. *See, e.g.*, Huang Mot. for Perjury Charges,

Jan. 18, 2017, ECF No. 170. As early as the July hearing, Mr. Huang began characterizing Huawei's declarations as "not truthful." Hr'g Tr. 24:21-23, ECF No. 183. Indeed, Mr. Huang's response to Huawei's Rule 11 motion was that "it is completely baseless; and I'm going to file a motion for Rule 11 to sanction Huawei's improper [conduct]." *Id.* 23:14-16. Mr. Huang's allegations of untruthfulness culminated with a "motion for perjury charges" filed on January 18, 2017. ECF No. 170.

Huawei thereafter filed their motion for attorneys' fees. *See* Huawei Br., ECF No. 179. In part because Mr. Huang continues to represent himself, the Court scheduled a hearing to determine whether Mr. Huang could explain his conduct, why he had chosen not to hire an attorney, and why the Court should not award fees and costs. Mr. Huang appeared at the hearing but offered no satisfactory explanation for his litigation conduct. In fact, Mr. Huang continued to maintain that Huawei's witnesses and lawyers were being untruthful, and that they were committing perjury. In response to these accusations, one of Huawei's attorneys explained that he had personally considered filing a libel or slander suit against Mr. Huang given Mr. Huang's repeated perjury accusations. It is against this abbreviated review of the case that the Court decides Huawei's attorneys' fees motion.

**DISCUSSION**

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The statute imposes "one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: [t]he power is reserved for 'exceptional' cases." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755-56 (2014). An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the

facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

While expert fees are not awardable under § 285, a court is entitled to use its inherent powers to award such fees. *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). A prerequisite is a "finding of fraud or abuse of the judicial process." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994). Such a finding may result from a litigant's "bad faith and vexatious litigation conduct." *Takeda*, 549 F.3d at 1391.

The Court agrees with Huawei that this case is exceptional under § 285 and reveals bad faith and an abuse of the judicial process. Section 285 was designed to have a remedial effect, to deter unwarranted litigation. *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988). This case was unwarranted, to say the least. Mr. Huang submitted no evidence of any meaningful pre-suit investigation, and for the reasons already explained, Mr. Huang was unable to obtain discovery into Huawei's accused products. Huawei Br., ECF No. 179. To be clear, however, Mr. Huang's discovery obstacle and unwillingness to obtain counsel to overcome that obstacle is not the primary basis for the Court's finding of exceptionality and bad faith.

Despite having no obligation to do so, Huawei appears to have proven to itself and made every effort to demonstrate to Mr. Huang that Huawei affirmatively *does not* infringe the asserted patents. First, Huawei voluntarily provided Mr. Huang with authenticated engineering schematics that establish that the structure and operation of the accused chip circuitry does not meet a particular limitation of the '653 and '331 patent claims. *See* Huawei Br. 4, ECF No. 179. Second, Huawei reviewed confidential source code, determined that the code demonstrated noninfringement, and repeatedly told Mr. Huang that if he would hire an attorney, the attorney

6

could see for him or herself. *Id.* Mr. Huang refused, and as far as the record reveals, ignored Huawei's evidence demonstrating noninfringement.

Not only did Mr. Huang ignore Huawei's schematics and representations about the accused products, but Mr. Huang became *more* aggressive as the case progressed and his case weakened. As late as a few days before the hearing on Huawei's motion for attorneys' fees, Mr. Huang was still filing objections and requests for reconsideration of the Court's Order dismissing his case. *See, e.g.*, ECF No. 195. This was well after Mr. Huang had been warned of the consequences of vexatious ligation behavior. *See* Huawei Br. 2-3, ECF No. 179. In sum, Mr. Huang's case has unnecessarily burdened Huawei and the Court with what appears to have been a frivolous case from the outset. The Court therefore finds Mr. Huang's case to be exceptional and Mr. Huang's litigation behavior to constitute bad faith and an abuse of the judicial process.

To support this finding, the declarations submitted by Huawei's in house counsel suggest that Mr. Huang's motive all along was to extract a settlement by whatever means necessary. Indeed, Mr. Huang's motion practice increased while the strength of his case gradually declined, which is consistent with Huawei's sworn statement that Mr. Huang believed and represented to Huawei that if he bombarded Huawei with motions, Huawei's attorneys' fees would continue to rise, and, eventually, Huawei would decide to settle. *See, e.g.*, Li Pengyan Decl., ECF No. 179-1. Mr. Huang's only response to these statements is that they are untruthful, indeed, "perjury," as Mr. Huang characterizes them. There is no basis for that conclusion.

Finally, Mr. Huang's pro se status does not relieve him from liability for attorneys' fees and costs. The Court provided Mr. Huang ample opportunity to seek legal counsel, and there is no indication that this invitation was seriously considered. Moreover, Huawei repeatedly warned Mr. Huang about the consequences of frivolous litigation behavior. Although Mr. Huang is not an

attorney, he is a sophisticated pro se litigant, an engineer, and a business owner. Courts have found pro se plaintiffs such as Mr. Huang liable for attorneys' fees simply because their patent infringement actions had no evidentiary basis. *See Yufa v. TSI Inc.*, No. 09-CV-01315-KAW, 2014 WL 4071902, at *4 (N.D. Cal. Aug. 14, 2014); *Comora v. Thermo Cardiosystems, Inc.*, No. CV 91-5620 WMB, 1992 WL 315226, at *4 (C.D. Cal. May 5, 1992). That is the least that can be said about this case. The Court therefore finds the case exceptional under § 285 and worthy of additional costs under the Court's inherent powers.

## CONCLUSION

In light of the foregoing, Huawei's motion for attorneys' fees and costs, **ECF No. 179**, is **GRANTED**. Huawei is **ORDERED**, **within seven days of this Order**, to submit a revised motion detailing the attorneys' fees and costs that it seeks, separately identifying the fees and costs awardable under § 285 and costs awardable under the Court's inherent powers, as well as the dates those fees and costs were incurred. Mr. Huang is given **fourteen days** to respond to Huawei's revised motion, after which the Court will determine the appropriate amount of the award.

**SIGNED this 25th day of March, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE