**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| XIAOHUA HUANG, *pro se* § | |
| § | |
| *Plaintiff*, § | Case No. 2:15-CV-01413-JRG-RSP |
| § | |
| v. § | |
| § | |
| HUAWEI TECHNOLOGIES CO., LTD., § | |
| § | |
| *Defendant*. § | |

## ORDER

On March 27, 2017, the Court entered an Order indicating that attorneys' fees and costs would be taxed against Mr. Huang under 35 U.S.C. § 285 and pursuant to the Court's inherent power. *See* ECF No. 204. Huawei thereafter filed documents accounting for their fees and costs and demonstrating the reasonableness of their hourly rates and number of hours expended. *See* ECF Nos. 206, 208; *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016); *Bywaters v. United States*, 670 F.3d 1221, 1226 (Fed. Cir. 2012). Huawei seeks a total of $901,368.15 in attorneys' fees and costs. *See* ECF No. 206.

As the Court previously explained, *see* ECF No. 204, Huawei sent Mr. Huang a Rule 11 safe harbor letter on March 22, 2016. Once Mr. Huang received that letter, he was on notice that his litigation strategy could result in significant liability. Although notice of liability is not required for an attorneys' fee award under § 285 or under the Court's inherent powers, the Court finds that because Mr. Huang is a pro se litigant (albeit a sophisticated one), March 22, 2016 is a reasonable starting point for limiting the fees and costs. Accordingly, Huawei's fees and costs incurred prior to April 1, 2016 will not be awarded.

The Court similarly finds that December 7, 2016 is a reasonable endpoint. While this case required significant work leading up to the hearing on Huawei's attorneys' fees and costs motion, which occurred in March of this year, the Court recommended that summary judgment of noninfringement be granted in late 2016, and the District Judge adopted that recommendation and dismissed Mr. Huang's complaint on December 7, 2016. *See* ECF No. 146. Much of Huawei's subsequent work involved trial preparation and the preparation of an additional summary judgment motion related to invalidity. Although this work was neither unnecessary nor unreasonable in light of Huawei's counterclaims of invalidity and Mr. Huang's second patent infringement action, *see* ECF No. 204, it should have been clear by December 7, 2016 that the case would not likely proceed to trial.

Subject to these limitations, Huawei's submissions otherwise adequately demonstrate the reasonableness of the number of hours spent on this case and the hourly rates. *See* ECF Nos. 206, 208; *Lumen View Tech.*, 811 F.3d at 483. Accordingly, for the period beginning April 1, 2016 and ending December 7, 2016, the Court awards the following costs under § 285 and under the Court's inherent power:

| Date | Amount | Record Citation (ECF No.) |
|---|---|---|
| Attorneys' Fees and Costs | | |
| April 2016 | $62,400.00 | 206-9 |
| May 2016 | $37,567.30 | 206-10 |
| June 2016 | $71,171.60 | 206-11 |
| July 2016 | $63,325.90 | 206-12 |
| August 2016 | $21,385.00 | 206-13 |
| September 2016 | $37,865.00 | 206-14 |
| October 2016 | $142,068.31 | 206-15 |
| November 2016 | $87,150.10 | 206-16 |
| December 1-7, 2017 | $12,066.00 | 206-17 |
| **SUBTOTAL** | **$534,999.21** | |
| Expert Fees | | |
| July 2016 | $12,180.00 | 206-26 |
| August 2016 | $11,025.00 | 206-27 |
| September 2016 | $18,480.00 | 206-28 |

| October 2016 | $22.890.00 | 206-29 |
|---|---|---|
| November 2016 | $3,412.50 | 206-30 |
| December 5-6, 2016 | $1050 | 206-31 |
| **SUBTOTAL** | **$69,037.50** | |
| **TOTAL** | **$604,036.71** | |

## CONCLUSION

Huawei is awarded $534,999.21 in attorneys' fees and costs and $69,037.50 in additional expert fees, for a total of **$604,036.71**.

**SIGNED this 18th day of April, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE